UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

DUANE LEA, on his own behalf
and those similarly situated,

    Plaintiff,

vs.                                            Case No.

NORLYN ENTERPRISES, INC. d/b/a
DILIGENT DELIVERY SYSTEMS, a
Texas for Profit Corporation, and
WORLDPAC, INC., a Delaware Foreign
Corporation,

    Defendants.
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DUANE LEA, ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, NORLYN ENTERPRISES, INC. d/b/a DILIGENT DELIVERY SYSTEMS ("NORLYN"), and WORLDPAC, INC. ("WORLDPAC"), (collectively, "Defendants") and states as follows:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C.

§ 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid a weekly salary to cover his first forty (40) hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Gloucester County, New Jersey.

7. At all times material hereto, Norlyn was a Texas for Profit Corporation.

8. At all times material hereto, Norlyn owned and operated a wholesale/retail automotive parts delivery business in the State of New Jersey named Diligent Delivery Systems located at 1939 Olney Avenue, Cherry Hill, New Jersey 08003.

9. At all times material hereto, Diligent Delivery Systems had a contract with Worldpac, Inc. to deliver automotive parts.

10. At all times material hereto, Worldpac, was a Delaware Foreign Corporation doing business in the State of New Jersey.

11. At all times material hereto, Worldpac, Inc. owned and operated a wholesale/retail automotive parts delivery business located at 1939 Olney Avenue, Cherry Hill, New Jersey 08003.

**FLSA COVERAGE**

12. At all times material hereto, Plaintiff regularly performed duties for Defendants within the State of New Jersey and within this judicial district.

13. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

14. Defendants were, and continue to be, "employers" within the meaning of FLSA.

15. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. Specifically, Defendants regularly purchased and received a variety of items from out of state, including automotive parts, necessary and integral to Defendants' business operations.

16. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including automotive parts and other materials necessary and integral to Defendants' business operations.

19. At all times material hereto, Norlyn was the "employer" within the meaning of FLSA.

20. Norlyn was, and continues to be, an "employer" within the meaning of FLSA.

21. At all times material hereto, Norlyn was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA. Specifically, Norlyn regularly purchased

and received a variety of items from out of state, including automotive parts, necessary and integral to Defendants' business operations.

22. At all times material hereto, Norlyn was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23. Based upon information and belief, the annual gross revenue of Norlyn was in excess of $500,000.00 per annum during the relevant time periods.

24. At all times material hereto, Norlyn had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including automotive parts and other materials necessary and integral to Norlyn's business operations.

25. At all times material hereto, Worldpac was an "employer" within the meaning of FLSA.

26. Worldpac was, and continues to be, an "employer" within the meaning of FLSA.

27. At all times material hereto, Worldpac was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA. Specifically, Norlyn regularly purchased and received a variety of items from out of state, including automotive parts, necessary and integral to Defendants' business operations.

28. At all times material hereto, Worldpac was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

29. Based upon information and belief, the annual gross revenue of Worldpac was in excess of $500,000.00 per annum during the relevant time periods.

30. At all times material hereto, Worldpac had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce,

including automotive parts and other materials necessary and integral to Worldpac's business operations.

31. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

32. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

33. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

34. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

35. At all times material hereto, Defendants controlled the manner in which Plaintiff's work was performed.  To that end, Defendants assigned Plaintiff his routes, his specific work hours and assignments, and dictated the specific manner in which he was required to do his work.

36. Plaintiff had no opportunity for profit or loss depending on his management skill. Instead, he was paid a set day rate for each day work, in an amount set by Defendants.

37. Plaintiff had little or no investment in the materials required to complete his work for Defendants.

38. Plaintiff did not employ helpers and lacked the authority to hire/fire anyone to perform the work that he was hired to do.

39.  The work performed by Plaintiff for Defendants required no special skill. Rather, anyone who held a valid driver's could perform the work that Plaintiff performed for Defendants.

40. Plaintiff's working relationship with Defendants had the indicia of permanence, as evidenced by the fact that he worked for Defendants and their predecessor companies for over 25 years, prior to the date he separated his employment.

## STATEMENT OF FACTS

41. On or about August 1, 2015, Defendants hired Plaintiff to work as a non-exempt delivery driver.

42. Plaintiff's hire on or about August 1, 2015, was a continuation of the employment he had held for over 20 years with the predecessor companies to Defendants, for whom Plaintiff performed the identical duties.

43. At all times material hereto, Plaintiff worked for Defendants delivering automotive parts between Cherry Hill, NJ and Wilmington, DE.

44. From at least August 1, 2015, and continuing through October 18, 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

45. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

46. From at least August 1, 2015, and continuing through October 18, 2017, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

47. Defendants have violated Title 29 U.S.C. §206 and 207 from at least August 1, 2015, and continuing through October 18, 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

      b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

      c.    Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

      d.    Defendants failed to maintain proper time records as mandated by the FLSA.

48. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff and the class members were all "drivers" and performed the same or similar job duties as one another in that they provided local delivery services on behalf of Defendants.

50. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all classified as independent contracts, paid day rates, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

51. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

52. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "drivers" are/were paid for overtime hours worked based on the Defendants'

erroneous misclassification of its "driver" employees as independent contractors exempt from overtime.

53. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "Drivers" who worked for Defendants nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

54. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

55. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

57. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

8

58. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

59. Plaintiff realleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

60. From at least August 1, 2015 and continuing through October 18, 2017, Plaintiff worked in excess of forty (40) hours per week.

61. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

62. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

63. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

64. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

65. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

66. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

67. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

68. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

69. Based upon information and belief, delivery truck drivers and former delivery truck drivers of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

70. Plaintiff realleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

71. At all times material hereto, Defendants failed to pay Plaintiff minimum wage for each week he worked for Defendants.

72. Plaintiff was and is entitled to be paid minimum wage for each week he worked during his employment with Defendants.

73. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each

week worked during one or more weeks of employment with Defendants.

74. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

75. Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

76. Based upon information and belief, delivery truck drivers and former delivery truck drivers of Defendants similarly situated to Plaintiff were not paid the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

77. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

    e. Awarding Plaintiff liquidated damages in an amount equal to the

       minimum wages award;

f.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g.    Awarding Plaintiff pre-judgment and/or post-judgment interest;

h.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: January 26, 2018.            Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
T: (954) WORKERS;  F: (954) 3273013
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*