Morgan & Morgan, P.A.
Andrew R. Frisch
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) WORKERS
AFrisch@forthepeople.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

DUANE LEA, on his own behalf and
those similarly situated,

    Plaintiff,

vs.   Case No.  1:18-cv-01066-RMB-JS

NORLYN ENTERPRISES, INC. d/b/a
DILIGENT DELIVERY SYSTEMS, a
Texas for Profit Corporation, and
WORLDPAC, INC., a Delaware Foreign
Corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO VACATE STAY, REOPEN CASE
AND CONTINUE PROCEEDINGS**

Plaintiff files this Motion to Vacate Stay, Reopen Case and Continue Proceedings and as grounds thereof states:

**INTRODUCTION**

This case arises from Plaintiff, Duane Lea's ("Lea" or "Plaintiff") employment with Defendants as an interstate courier/driver, transporting automobile parts.  During his employment with Defendants, Defendant, Diligent Delivery Systems, required Plaintiff to sign a contract which contained an arbitration agreement. *See* D.E. 11-2.  In relevant part the arbitration provision reads:

> **This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*[1], and applies to any dispute brought by either Operator or DILIGENT arising out of or related to this Agreement or Operator's relationship with DILIGENT, including termination of the relationship.**

*Id.*, § 17(a).

Based on this arbitration provision, Defendants moved the Court to remand the case to arbitration by Motion dated April 3, 2018. *See* D.E. 11. By Order dated June 14, 2018, the Court granted Defendants' Motion and ordered that the case be submitted to arbitration. D.E. 23.

However, once Plaintiff re-filed the case in arbitration, Defendants refused/failed to pay the necessary administrative fees for over three (3) months. As a result, the American Arbitration Association ultimately administratively closed the case.[2] The case remains administratively closed to date, and it is clear that Defendants have waived arbitration by their conduct in arbitration.

More importantly, on January 15, 2019, the United States Supreme Court decided the case of *New Prime Inc. v. Oliveira*, --- S.Ct. ---, 2019 WL 189342 (2019) (**EXHIBIT A**). In *New Prime*, the Supreme Court held that the Federal Arbitration Act's ("FAA") exclusion for "contracts of employment" of certain transportation workers applied to the contract between a driver and interstate trucking company, even if the driver was an independent contractor. As such, the Supreme Court held that a court lacked authority to order claims such as those at bar— those of a transportation worker arising out of his interstate transportation work—to arbitration under the FAA. *Id.,* 2019 WL 189342, at *10. The *New Prime* decision is on all fours with this

---

[1] To the extent Defendants contend that New Jersey law does not contain a transportation worker exception like the FAA, such an argument is irrelevant to the case at bar, because the parties' arbitration agreement is governed solely by the FAA.

[2] Following the administrative closure, Defendants remitted payment to the AAA. Because Plaintiff believes that Respondents waived arbitration by their continued failure to make the required payments however, he has not consented to AAA's continued processing of his claim

case and therefore, just as in *New Prime*, the Court here lacked authority to order Plaintiff to arbitration.

Based on the changed facts and clarification of binding law applicable to this proceeding and specifically the parties' arbitration agreement, it is clear that there is no basis for this case to be in arbitration and that this case must be litigated in court. Thus, by his instant Motion Plaintiff seeks to re-open this case and continue the case before this Court.

## PROCEDURAL HISTORY

1. Plaintiff filed a Complaint against Defendants under the FLSA on January 26, 2018 to recover unpaid overtime wages. *See* DE 1.

2. On April 3, 2018, Defendants filed their Motion to Compel Arbitration and Stay Proceedings in response to the Complaint. *See* DE 11.

3. Thereafter, on June 14, 2018, this Court issued an Order submitting this case to Arbitration in accordance with the terms of the applicable arbitration agreement. *See* DE 23.

4. Plaintiff submitted his Demand for Arbitration to the American Arbitration Association (AAA) on July 11, 2018.

5. In the following months, the AAA repeatedly requested that Defendants pay their portion of the AAA's administrative fees, due under the AAA's rules applicable to employment cases arising under employer-promulgated plans. *See* Correspondence, collectively attached as **EXHIBIT B**.

6. When Defendants failed to make the necessary payments, the AAA ultimately administratively closed its file on October 17, 2018. *See* letter attached as **EXHIBIT C.**

7. Thereafter, on January 15, 2019, the United States Supreme Court decided the case of *New Prime Inc. v. Oliveira,* --- S.Ct. ---, 2019 WL 189342 (2019), in which it held that

the FAA excepts claims on behalf of transportation workers from its coverage based on its clear language.

8. By this present Motion and for the reasons stated above, Plaintiff files his Motion to Reopen Case and respectfully requests that this Court reopen the instant case for good cause shown, and grant such other and further relief as this Court deems appropriate and just.

## MEMORANDUM OF LAW

**A.   THE COURT LACKED AUTHORITY TO REMAND THE CASE TO ARBITRATION.**

Although the law may not have been clear at the time the Court determined that this case was required to proceed in arbitration, the Supreme Court has now clarified the law. To that end, binding Supreme Court jurisprudence makes clear that the parties' agreement to arbitrate runs contra to the FAA's transportation worker exception. In other words, the parties' could not agree to arbitrate their dispute, because the dispute is non-arbitrable as a matter of law. *New Prime Inc. v. Oliveira, supra.* As such, the Court is due to vacate its prior mandate. *See Dor v. Dist. Dir., I.N.S.,* 891 F.2d 997, 1004 (2d Cir. 1989) ("Obviously, this Court has full authority to vacate a stay of its own mandate.").

Inasmuch as the parties' lacked the ability to contract to arbitrate their dispute in the first instance, there is and was no basis for the Court to order that the case be submitted to arbitration. For this reason alone, the Court's Order administratively closing the case is due to be vacated and the case must be permitted to proceed in court.

**B.   DEFENDANTS WAIVED ARBITRATION BECAUSE THEY DEFAULTED.**

Moreover, even if the Court were inclined to ignore the binding jurisprudence of the Supreme Court, Defendants have waived arbitration by virtue of their default and the accordant delays of the arbitration.

Defendants have defaulted in arbitration because they failed to pay the arbitration fees they were obligated to pay, despite repeated notices from AAA.  "Failure to pay arbitration fees constitutes a "default" under § 3."  *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) ("Because Mr. Cahill failed to pay his arbitration fees, he was in 'default.'"), citing *Garcia v. Mason Contract Products, LLC,* 2010 WL 3259922, at *4 (S.D. Fla. Aug. 18, 2010) ("[T]his default was ... an intentional and/or reckless act because the AAA provided repeated notices to the Defendant that timely payment of the fee had not been received.  There is no other description the Court can find for this self-created situation other than 'default.'"); *Rapaport v. Soffer,* 2011 WL 1827147, at *2 (D. Nev. May 12, 2011) (finding the defendant was in default under § 3 because the AAA "closed" or "terminated" the case because of his failure to pay fees); *Sanderson Farms, Inc. v. Gatlin,* 848 So.2d 828, 837–38 (S.D. Miss. 2003) (finding the defendant refused to pay its one-half of the costs pursuant to an arbitration agreement and that this constituted "default" under § 3).

If a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay. *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 653–54 (9th Cir.1991) (vacating stay where party originally seeking stay defaulted in arbitration by delay and non-prosecution of claims); *Miller v. Aaacon Auto Transp., Inc.,* 545 F.2d 1019, 1020 (5th Cir. 1977) (*per curiam*) (same).

"The district court's order granting the stay was equivalent to an injunction." *Miller,* 545 F.2d at 1020, citing Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 452, 55 S.Ct. 313, 79 L.Ed. 583 (1934); Jos. L. Muscarelle, Inc. v. American Timber & Trading Co., Inc., 404 F.2d 467 (5th Cir. 1968).  An injunction may be modified or dissolved in the discretion of the court when conditions have so changed that it is no longer needed or is

rendered inequitable. *Milk Wagon Driver's Union v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 298, 61 S.Ct. 552, 85 L.Ed. 836 (1941); *Central Hanover Bank & Trust Co. v. Callaway*, 135 F.2d 592, 595 (5th Cir. 1943); *Jones v. Mississippi Valley Barge Line Co.*, 107 F.Supp. 157 (W.D.Pa. 1952).  Accordingly, cases have held vacation of a stay proper where the defendant seeking the stay hindered the progress of arbitration or where the parties had not concluded the proceedings within the time specified by the court. *See Nederlandse Erts-Tankersmaatschappij, N. V. v. Isbrandtsen Co.*, 339 F.2d 440 (2d Cir. 1964); *Cargo Carriers v. Erie & St. Lawrence Corp.*, 105 F.Supp. 638 (W.D.N.Y. 1952).

Here, Defendants waived arbitration by virtue of their default.  While Defendants have now paid the administrative costs associated with arbitration, they only did so after repeated requests from the AAA, over a more than three (3) month period.  As applicable law makes clear the issue is not only that they did not pay, the issue is that Plaintiff has been prejudiced by Defendants repeated willful delays in making payment.[3]  That Defendants have now made payment, and Plaintiff could absolve Defendants of their failure to abide by their contractual

---

[3] The scenario here is virtually identical to that which was confronted by the court in *Garcia*.  As the *Garcia* court explained:

> Faced with this record, the Court could simply scoff at the problem, deny the motion, and force the Plaintiff to try again to get the Defendant to abide by its contractual responsibilities.  But the question that must first be answered is why?  Why under these circumstances, when the Plaintiff claims that he has a statutory right to seek relief under the laws of the United States, would a federal court turn him aside *again* in favor of arbitration when the party who demanded that arbitration in the first place so cavalierly ignored Plaintiff's right to speedy resolution of statutory claims when the Court's eyes looked elsewhere?  To ask the question is to answer it.
>
> The right answer, then, is to grant this motion.  The statute that governs this dispute squarely addresses it.  The Federal Arbitration Act provides, at 9 U.S.C. § 3, that a court faced with a dispute that is preferable to arbitration under contractual agreement shall stay the proceedings in favor of arbitration "provid[ed that] the applicant for the stay is not in default in proceeding with such arbitration."  The record here shows that Defendant is now in default. Plaintiff could absolve the Defendant of that default but chooses not to.  Therefore, the FAA no longer compels us to dismiss or stay this case for arbitration. And we choose not to.

*Garcia*, 2010 WL 3259922, at *1.

obligations is irrelevant. Rather, the delay and accordant prejudice already suffered by Plaintiff cannot be undone. For this reason, the Court should hold that Defendants have waived arbitration by their default.

## CONCLUSION

Notwithstanding the language of the parties' contract, the claims at bar are not subject to arbitration as a matter of law. Thus, the Court was without authority to compel this case to arbitration in the first instance. Moreover, even if the case were properly remanded to arbitration previously, the fact remains that Defendants defaulted in arbitration and therefore waived arbitration. For both of these reasons, the Court should vacate its prior order, re-open the case and permit Plaintiff to proceed with his claims before the Court.

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred with Defendants' counsel regarding the relief sought in this motion and Defendants oppose the same.

Dated:  January.22, 2019.    Respectfully submitted,

*/s/ ANDREW R. FRISCH*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954-WORKERS
Facsimile: 954-327-3013
E-mail: afrisch@forthepeople.com

*Trial Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this <u>22nd</u> day of January, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

                                            */s/ ANDREW R. FRISCH*
                                            Andrew R. Frisch