```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
                              CAMDEN VICINAGE
```

| | |
|---|---|
| DUANE LEA, | |
|       Plaintiff, | Civil No. 18-1066 (RMB/JS) |
| v. | **OPINION** |
| NORLYN ENTERPRISES, INC. and WORLDPAC, INC., | |
|       Defendants. | |

**APPEARANCES:**

MORGAN & MORGAN, P.A.
By: Andrew R. Frisch, Esq.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
      Counsel for Plaintiff

DORF & NELSON LLP
By:  Andrew P. Marks, Esq.
555 Theodore Fremd Avenue
Rye, New York 10580
      Counsel for Defendant Norlyn Enterprises, Inc.

JACKSON LEWIS P.C.
By:  Gregory T. Alvarez, Esq.
    James M. McDonnell, Esq.
    Linda J. Posluszny, Esq.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
      Counsel for Defendant Worldpac, Inc.

**BUMB**, UNITED STATES DISTRICT JUDGE:

On June 14, 2018, during a conference on the record with this Court, each of the three parties to this suit agreed to submit this case to arbitration. On that same day, this Court entered an order embodying the parties' agreement and administratively terminating this case. Plaintiff presently moves this Court to vacate that order and seeks to remove the case from arbitration. For the reasons set forth below, Plaintiff's motion will be denied.

I. **FACTS AND PROCEDURAL HISTORY**

In January 2018, Plaintiff filed this proposed collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., alleging that Defendants failed to pay Plaintiff, and other "drivers" who made local deliveries on behalf of Defendants, the proper amount of wages and overtime compensation. In April 2018, the parties filed letters pursuant to this Court's Individual Rules and Procedures. Defendants asserted that this case should be submitted to arbitration pursuant to the parties' arbitration agreement. [Docket No. 13] In response, Plaintiff requested that the case be stayed pending the Supreme Court's decision in <u>Epic Systems Corp. v. Lewis</u>, which, Plaintiff asserted, would control this Court's decision concerning whether the parties' arbitration agreement was enforceable. [Docket. No. 14] The Court held a conference on the record on May 1, 2018, the result of which was this Court's order administratively staying the case pending the

2

Supreme Court's ruling in Epic Systems. [Docket No. 19] Just over a month later, Plaintiff wrote to this Court advising that the Supreme Court had ruled.[1] [Docket No. 20] Shortly thereafter, the Court held a second conference on the record with the parties. During that conference, the parties each clearly and unequivocally agreed to submit this case to arbitration:

> THE COURT: So, [Plaintiff] what is your pleasure?
>
> MR. FRISCH: I think we would agree that we would file an arbitration against both defendants.
>
> THE COURT: Okay. So both defendants are happy with that?
>
> MR. MARKS: Yes.
>
> MR. MC DONALD: Your Honor, Norlyn consents to that.
>
> . . . .
>
> THE COURT: All right. Okay, one by one. It sounds like there is no dispute the parties are going to arbitration, both Defendants with the Plaintiff. Yes Mr. Frisch?
>
> MR. FRISCH: Yes.
>
> THE COURT: Worldpac?
>
> COUNSEL FOR WORLDPAC: Yes, individually with the Plaintiff, your Honor.
>
> THE COURT: And Norlyn?
>
> COUNSEL FOR NORLYN: Yes, your Honor, on an individual – on an individual claim, not a class or collective kind, yes.

---

[1] Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612 (2018) held, among other things, that the Federal Arbitration Act's saving clause did not provide a basis for refusing to enforce employees' arbitration agreements waiving collective action procedures for claims under the FLSA. In other words, the decision was not favorable to Plaintiff.

>     THE COURT: Yes.
>
>     . . . .
>     THE COURT: Okay, we've worked it out. I think we
>     have worked it out and talked through the contract and
>     have come to an understanding that I will send it to
>     arbitration. Okay? Mr. Frisch?
>
>     MR. MARKS: Thank you, your Honor.
>
>     THE COURT: Mr. Frisch?
>
>     MR. FRISCH: Yes.
>
>     THE COURT: Yes.
>
>     MR. MARKS: Yes from me, your Honor.
>
>     THE COURT: Mr. McDonald?
>
>     MR. MC DONALD: Yes from me here.
>
>     THE COURT: Okay. You'll see an order on the docket
>     today. Thank you all. Thank you.

(Docket No. 25, Transcript of June 14, 2018 conference)  That same day, the Court entered an Order stating:

> For the reasons set forth on the record, and upon consent of all parties,
>
> IT IS on this 14th day of June, 2018, hereby ORDERED that:
>
> This entire suit shall be SUBMITTED TO ARBITRATION on an individualized basis in accordance with the terms of the applicable arbitration agreement. The Clerk of Court is hereby directed to ADMINISTRATVELY TERMINATE this suit.

[Docket No. 23]  As a result of the Order, the Clerk of Court closed this case.

Approximately six months later, Plaintiff filed the instant "Motion to Vacate Stay, Reopen Case, and Continue Proceedings"

4

[Docket No. 24], which asks this Court to "vacate its prior order [sending this case to arbitration], re-open the case, and permit Plaintiff to proceed with his claims before the Court." [Docket No. 24, Moving Brief, p. 7]

II. **MOTION TO REOPEN STANDARD**

"[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) Fraud (whether previously called intrinsic or extrinsic misrepresentation, or misconduct by an opposing party;
>
> (4) The judgment is void;
>
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

5

**III. ANALYSIS**

Plaintiff asserts that this case should be reopened based on a United States Supreme Court decision, New Prime, Inc. v. Oliveira, 139 S.Ct. 532 (2019), which was issued after this case was closed. Plaintiff asserts that New Prime invalidates the parties' written arbitration agreement and therefore, Plaintiff reasons that this Court "lacked authority to order Plaintiff to arbitration." [Docket No. 24, Moving Brief, p. 3][2]

As Defendants correctly observe, however, Plaintiff's argument completely ignores that Plaintiff, independent of his prior written arbitration agreement, separately agreed, on the record, during a conference with this Court, to submit this case to arbitration. Thus, Plaintiff's arguments concerning the validity of the original written arbitration agreement are irrelevant insofar as the enforceability of that agreement became a moot issue once Plaintiff agreed during the June 14th conference that "we w[ill] file an arbitration against both defendants." (Docket No. 25, Transcript, p. 7)

In reply, Plaintiff argues that "the issue of a court's subject matter jurisdiction is never waived [and] [a]s such, whether or not Plaintiff consented to arbitration at the June 14, 2018 is not an

---

[2] The Court need not, and does not, rule on whether Plaintiff's argument concerning New Prime is correct.

issue before the Court." [Docket No. 34, Reply Brief, p. 1] Unfortunately, Plaintiff's argument is wrong.

First, from the very outset of this suit, this Court has had federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserted claims under the federal Fair Labor Standards Act. Indeed, the complaint asserted only federal claims.

Second, to the extent Plaintiff is attempting to inartfully argue that this Court lacked authority to order the parties to submit their dispute to arbitration (which is an entirely distinct concept from subject matter jurisdiction)[3], Plaintiff's argument nonetheless fails. As explained above, whether New Prime invalidates the parties' written arbitration agreement does not matter at this stage of the parties' dispute, as New Prime has no effect whatsoever on the parties' separate agreement on the record to arbitrate, which this Court embodied in an Order. Plaintiff has demonstrated no grounds for excusing him from performing the agreement to arbitrate which he entered into on June 14, 2018. As this Court has explained, on that day, this Court had subject matter jurisdiction over this suit, and it also had inherent authority[4] (as

---

[3] Though Plaintiff does not cite, nor apply, Fed. R. Civ. P. 60(b), the Court construes this argument as one for relief pursuant to either Rule 60(b)(4) or 60(b)(6).

[4] See Shell's Disposal & Recycling, Inc. v. City of Lancaster, 504 F. App'x 194, 198 (3d Cir. 2012) (explaining that the district court has "inherent authority to manage its proceedings, vindicate its authority, and effectuate its decrees," and holding that the

7

well as the parties' consent) to embody in an Order the parties' agreement to arbitrate. Accordingly, this Court holds that no grounds exist for vacating the June 14, 2018 Order.[5]

**IV. CONCLUSION**

For the above-stated reasons, Plaintiff's Motion to Reopen the case will be denied.[6] An appropriate Order accompanies this Opinion.

Dated: July 29, 2019          s/ Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE

---

Court had inherent authority to enforce the parties' oral settlement agreement).

[5] Plaintiff also separately argues that the parties' dispute should be removed from arbitration because Defendants have "defaulted" by failing to pay the arbitration fee. This argument fails for two reasons. First, whether Defendants have defaulted in arbitration is an issue to be decided by the arbitrator, not this Court. Second, Plaintiff's argument is not supported by the facts as Plaintiff himself reports them to the Court. Plaintiff states that after the June 14th conference with this Court "Defendants remitted payment to the AAA," and further explains that now it is <u>Plaintiff</u> who "has not consented to AAA's continued processing of his claim." [Docket No. 24, Moving Brief, p. 2 n.1). Thus, Defendants' alleged default in arbitration is not a basis for vacating the June 14th Order.

[6] Also pending is Plaintiff's Motion for an Extension of Time to Reply to Defendant Worldpac's opposition to the instant motion, which Plaintiff filed in duplicate at both Docket Entry 31 and Docket Entry 32. As the Motion did not state why Plaintiff required an extension of time, nor whether Defendants took a position on the proposed extension, the Court requested that Plaintiff file a letter on the docket providing such information. [See Docket Entry No. 33] After the reply was due, Plaintiff filed a letter stating that his adversaries consented to the extension, and requesting that the Court deem timely filed, *nunc pro tunc*, his reply. [Docket Entry No. 35] The Court will grant Plaintiff's motion.

8